**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50120 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00215-BEN |
| v. | |
| ALEJANDRO OROZCO-MADRIGAL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Alejandro Orozco-Madrigal appeals from the district court's judgment and challenges the 51-month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Orozco-Madrigal contends that his prior conviction for assault with a semiautomatic firearm under California Penal Code § 245(b) is not a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014). This argument is foreclosed. *See United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009) (violation of section 245 "is categorically a crime of violence" under § 2L1.2). Contrary to Orozco-Madrigal's contention, our decision in *Grajeda* is not "clearly irreconcilable" with either *Descamps v. United States*, 133 S. Ct. 2276 (2013), or *Almanza-Arenas v. Lynch*, 815 F.3d 469 (9th Cir. 2016) (en banc). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

**AFFIRMED.**

16-50120